# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

IBRAHIM RODRIGUEZ,

    Plaintiff,

v.                                                Case No.:

GATE GOURMET INC.,

    Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IBRAHIM RODRIGUEZ, Individually, and on behalf of All Others Similarly Situated Who Consent to Their Inclusion in a Collective Action, hereby files this Complaint against Defendant, GATE GROUP USA, INC., a Foreign for Profit Corporation (hereinafter Defendant) and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq.*, on behalf of himself, and on behalf of others similarly situated, current and form salaried managers working in various locations for the Company across the U.S.

2. Plaintiff seeks to represent a collective class of employees who have been misclassified by the Defendant as exempt employees under the FLSA and who were unlawfully denied payment for overtime wage compensation as a result of Defendant's common practice and policy of misclassifying these employees as EXEMPT under the FLSA.

3. Plaintiff, and similarly situated employees are, and at all times relevant, were non-exempt employees under the FLSA as they are performing non-exempt manual office work, and

1

did not have the authority to hire and fire or discipline employees. Plaintiff, and the class of similarly situated employees regularly worked in excess of 40 hours per week and were not paid overtime wages due to Defendant's willful refusal to pay overtime wages. Plaintiff, and the class of similarly situated employees, have suffered damages as a consequence over a three (3) year period of time as a result of Defendant's willful failure to pay overtime wages.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 215(a)(3) because this action involves a federal question under the Fair Labor Standards Act.

5. Venue is appropriate in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because the Defendant operates as permanent business unit in this district at 2404 N. Westshore Blvd, Tampa, Florida and at all times material hereto has continuously conducted business form this office.

6. Defendant's principal place of business is 1880 Campus Commons Drive, Suite 200, Reston, VA 20191, and it may be served through its registered agent located at Corporation Service Company, 121 Hays Street, Tallahassee, Florida 32301.

7. Plaintiff is a resident of Tampa, Florida and at all times material was an employee of Defendant working in their offices located in Tampa, Hillsborough County Florida.

8. The Defendant provides food for airlines and touts itself on its website: www.gategourmet.com: "Gate Gourmet is the world's largest independent provider of airline catering and provisioning services."

9. Upon information and belief employs upwards of 500 or more salaried employees from 27 or more locations in the U.S. under the same or similar job titles.

10. At all times material hereto, Gate Gourmet Inc. was the Plaintiff's "employer" as defined pursuant to the FLSA (29 U.S.C. § 203(e)(1)).

11. All conditions precedent to the filing of this action have been performed.

## THE PARTIES

### The Representative Plaintiff

12. **Plaintiff, Ibrahim Rodriguez,** is a resident of Hillsborough County, Florida. Plaintiff was previously employed by the Defendant as a salaried exempt employee up until November 6, 2015, last working under the title of Manager of Operations, Transportation or Transportation Manager. He served in this capacity since November, 2013 after previously working as the Operations Manager for the Tampa office for many years since approximately the year 2006. Plaintiff's job duties after November 2013 included some basic supervision of hourly employees, but mainly consisted of handling on a day to day basis, manual labor job duties, as well as filling in for hourly employees when there were no shows or people called off. Plaintiff was primarily involved with preparing and handling routine, standardized reports and tasks for the Company and a customer, British Airways.

13. At all times material hereto, Plaintiff was unlawfully and improperly treated as a salaried exempt employee under the FLSA as his job duties and responsibilities fail to satisfy any known exemption under the FLSA.

14. Plaintiff was not permitted to, and did not exercise independent discretion and judgment in matters of significance affecting the company, and did not have decision making authority to bind the company.

15. Plaintiff did not supervise 2 or more full time employees in the sense and as required under the FLSA, as he did not perform annual reviews, determine rates of pay, hire, fire, or discipline employees.

16. Plaintiff, as well as all other employees in the same positions across the U.S., were similarly treated as exempt employees under the FLSA by the Defendant according to a common and uniform pay practice, and without any good faith basis for doing so.

17. Plaintiff did not have a college degree and none was required for the "manager" position plaintiff held.

**The Defendant**

18. **Defendant, GATE GOURMET, INC.** is a wholly owned subsidiary of Gate Group Holdings, a publicly traded, international corporation with principal offices located Reston, Virginia.

19. The Defendant maintains as demonstrated on its website, upwards of 27 or more similar locations, which employees upwards of 300 salaried exempt employees working under similar job titles as Plaintiff, and within the past three years, may have employed upwards of 600 similar employees.

**COVERAGE UNDER THE FLSA**

20. Defendant qualifies for and is subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendant is subject to the FLSA.

21. During the times relevant to this Complaint, the Defendant is a corporation with revenues of greater than $500,000 annually, engaged in interstate commerce, and is subject to the FLSA.

22. At all relevant times Defendant has been and continues to be a wholly owned subsidiary of a publicly traded corporation, Swiss Corporation, Gate Group Holdings AG, (symbol Gate. S) and an employer within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

23. Plaintiff, and the class of similarly situated people were employees of the Defendant within the meaning of the FLSA § 203.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

24. This collective action includes all employees similarly situated to Plaintiff, who were and continue to perform their duties as exempt employees of the Defendant, however, variously titled, who worked in excess of forty (40) hours in one or more workweeks for a period of three years preceding the filing of this Complaint, to the present and continuing, who did not receive the legally required overtime compensation at rates of one and one half times their properly calculated regular rates of pay.

25. Defendant has willfully violated the FLSA, and without a good faith basis for classifying Plaintiff and the class of similarly situated employees as exempt from overtime wages as provided under the FLSA.

26. At all times material hereto, Plaintiff and similarly situated exempt employees of the Putative Class were performing their duties for the benefit of and on behalf of the County.

27. During the three (3) year statute of limitations period between November 2012 through the present, Plaintiff and the other similarly situated current and former exempt employees of the Defendant working under various "manager" titles, at levels below the Operations manager, regularly worked in excess of forty (40) hours per week, and were misclassified as exempt from overtime wages.

28. At all material times to this Complaint, Defendant utilized policies and/or practices of willfully misclassifying the employees in their offices as exempt under the FLSA by giving them titles of "manager" without satisfying any known exemptions under the FLSA and without any good faith basis under the law.

29. Plaintiff did not regularly supervise and direct the work of two or more full time employees as a superior, and thus does not satisfy the short test of the Executive Exemption. Plaintiff has limited supervisory authority, but was removed from any decisions on hiring, firing and discipline of employees after being removed from the position of Operations Manager.

30. All other members of the proposed putative class likewise did not supervise and direct the work of two or more full time employees.

31. Plaintiff's position, and that of the majority of the other exempt "managers" in roles of similar and lesser authority in the hierarchy or chain of command also fail to satisfy this basic requirement of the Executive Exemption.

32. Plaintiff's primary job duties, and that of all other employees at his level, pay grade or hierarchy, did not involve the exercise of independent discretion and judgment in matters of significance. To the contrary, Plaintiff's primary job duties were routine, mechanized, standardized work, and while sounding important, simply do not satisfy the administrative exemption or the professional exemption.

33. Plaintiff did not have decision making authority, and he only prepared standardized, routine reports and performed standardized reporting.

34. Defendant knew or should have known that the job titles provided of "manager", or importance of working on certain aspects of the business are simply not accepted exemptions

under the FLSA, and thus it acted without good faith, and willfully violated the FLSA by misclassifying Plaintiff and the class of similarly situated employees as exempt under the FLSA.

35. Plaintiff believes that only some of his actual hours were tracked and recorded on a daily basis; and Plaintiff did not independently track all of his own hours, believing that he was exempt from overtime, but any records if they exist are in the possession of the Defendant.

36. Upon information and belief, some means and records to substantiate hours worked by Plaintiff and the class is in the possession, custody and control of the Defendant. However, the Defendant has violated the FLSA, 29 U.S.C. § 211(c) by failing to record the work hours of Plaintiff and the class of similarly situated employees.

37. Plaintiff may establish the hours he worked solely by his testimony, and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946)*.

38. The proposed Putative Class is defined as follows:

> "**All persons currently employed by GATE GOURMET INC. OR who were previously employed within 3 years preceding the filing of this Complaint as salaried, exempt employees under various titles, such as Manager of Operations, Transportation or Transportation Manager who worked over 40 hours in any work week and who consent to their inclusion in this collective action.**"

39. Defendant required Plaintiff and the class of similarly situated employees to follow standardized, uniform policies, procedures and protocols applicable to all employees in the Defendant's offices across the U.S.

40. The unlawful pay practices alleged herein are not addressed nor subject to any arbitration clauses as these employees are not members of any CBA containing such a clause.

41. Upon information and belief all persons in similar positions to Plaintiff were required to work overtime.

42. Defendant previously employed Plaintiff as the Operations Manager, but removed him from this position in 2013, and in so doing, changed his job title and removed all discretion to make decisions, and all authority to hire, fire and discipline employees, but maintained his status as Exempt under the FLSA from overtime sections, without a good faith basis for doing so.

43. Plaintiff, as well as all salaried employees working in the capacity of Managers, were expected and required to work overtime hours in order to meet their performance requirements and fulfill their job duties, and Plaintiff and the class regularly worked over 40 hours each week in order to perform their job duties to the satisfaction and expectation of their superiors.

44. Numerous well-publicized cases under the FLSA have been reported about accountants and other white-collar workers being declared to be non-exempt, and as such, Defendant knew or should have known it was violating the FLSA with respect to the employees in the Defendants offices across the U.S.

45. When the Defendant was short on hourly, non-exempt employees, Plaintiff was required to fill in and even was sent to the airport to fill in for other non-exempt employees when they had called off.

46. Plaintiff routinely worked over 40 hours in each week worked, but was not paid for overtime hours.

47. After Plaintiff was demoted from the Operations Manager, he was informed that he no longer had discretion and decision making authority.

## COUNT I
## VIOLATION OF THE FLSA (29 U.S.C. § 207)

48. Plaintiff re-adopts and realleges paragraphs one (1) through forty-seven (47) as if fully set forth herein verbatim.

49. Plaintiff is entitled to be paid the proper overtime rates of pay for each and every hour Plaintiff worked in excess of forty (40) hours in any given week during the three (3) year statute of limitations period preceding the filing of this Complaint.

50. All similarly situated misclassified, salaried exempt employees of the Defendant are likewise entitled to be paid their federally mandated overtime rates at rates of one and one half times their regular rates of pay for each overtime hour that they worked and were not properly paid.

51. Defendant's actions are, and were at all times material, intentional, willful and unlawful, and lacking in a good faith reliance upon any legal authority for their classifying Plaintiff's position, and those of the class as exempt under the FLSA.

52. By the very least, the Defendant has acted with reckless disregard of its obligations under the FLSA.

53. By reason of Defendant's intentional, willful and unlawful acts, the Plaintiff and similarly situated employees of the Putative Class have suffered and continue to suffer damages. As such, Defendant is liable for unpaid overtime compensation and an additional equal amount as liquidated damages. *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

54. Due to Defendant's FLSA violations, Plaintiff and similarly situated employees of the putative Class are entitled to recover from Defendant, the unpaid overtime compensation owed, an additional, equal amount as liquidated damages, prejudgment interest and reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216(b).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all similarly situated Transportation Managers or persons working under similar job titles subordinate to the operations manager, whom the Plaintiff seeks to represent in this action, requests the following relief:

a. A declaration that the practices complained of herein are unlawful under the FLSA and enjoin the Defendant from continuing to engage in such unlawful pay practices;

b. Certification of this action as a collective action brought pursuant to 29 U.S.C §216(b);

c. Designation of Plaintiff Rodriguez as a class representatives of this FLSA Collective Action on behalf of the Putative Class of similarly situated misclassified, salaried exempt Managers across the U.S.;

d. That Plaintiff be allowed to deliver notice of this collective action and the right to opt into this case by Order of this Court at the earliest possible time to all past and present salaried exempt employees employed by Defendant during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance by Court supervised notice;

e. That the Court find the Defendant's violations of the FLSA were willful;

f. That the Court award the Plaintiff and all similarly situated employees, overtime

wages at rates of one and one half times their regular rates of pay for all hours worked in excess of forty (40) for any given week during the past three (3) years, and through the date of trial, in amounts to be determined at trial, AND liquidated damages of an equal amount to the unpaid overtime compensation;

g. That Plaintiff and the class of similarly situated employees be awarded the value of all underfunding of the employees' pension or 401k contributions and benefits by reason of the underpayment of overtime wages.

h. Costs of action incurred herein, including expert fees;

i. Attorney's fees, including fees pursuant to 29 U.S.C. §216 and other applicable statutes;

j. Any other legal and equitable relief as this Court may deem appropriate.

Pursuant to Federal Rule of Civil Procedure, Rule 38, Plaintiff demands trial by jury in this matter.

Respectfully filed this 9th day of December 2015.

_____
MITCHELL L. FELDMAN, ESQ.
Florida Bar 0080349
**Feldman Law Group PA**
**Attorneys for Plaintiff**
1715 N. Westshore Blvd., Suite 400
Tampa, FL 33607
(p) 813-639-9366
(f) 813-639-9376
Email: Mfeldman@ffmlawgroup.com