```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

IBRAHIM RODRIGUEZ,

    Plaintiff,

v.                                    Case No. 8:15-cv-2830-T-33TBM

GATE GOURMET INC.,

    Defendant.
_____/

## ORDER REFERRING CASE TO MEDIATION

As described in Chapter Nine of the Rules of the United States District Court for the Middle District of Florida:

(a) This case is referred to mediation. The Court appoints **Mark A. Hanley**, of Bradley Arant Boult Cummings, LLP, 100 South Ashley Drive, Suite 1300, Tampa, Florida 33602, (813)-229-3333, as mediator.

(b) Conduct of Mediation Conference: The mediation shall be conducted as outlined in this Order and Chapter Nine of the Local Rules.

(c) Scheduling Mediation Conference: The mediation shall be conducted on or before **March 14, 2016.**

(d) Designation and Responsibility of Lead Counsel: Mitchell L. Feldman is designated as lead counsel and shall consult both the mediator and other counsel to coordinate the

date and time of the mediation. Within twenty days of this Order, lead counsel shall file a Notice of Mediation with the Clerk giving the agreed date and time of mediation. Once scheduled, the agreed date for the mediation conference shall operate as the mediation deadline in lieu of the date set forth in paragraph (c) above. Extension of the mediation deadline requires leave of Court. Before moving for an extension of the mediation deadline, the movant shall consult with both the mediator and opposing counsel to determine an agreed date and time for the mediation, if rescheduled.  In accord with Local Rule 3.01(g), a motion for an extension of the mediation deadline shall include, along with the proposed mediation date and time, a statement certifying that the movant has conferred with opposing counsel and stating whether counsel agree on the resolution of the motion. Because the Court expects diligence and good faith from the parties, a motion for extension of the mediation deadline is increasingly disfavored as the mediation deadline approaches.

(e)  General Rules Governing the Mediation Conference: Although mediation is defined in greater detail in Chapter Nine of the Local Rules, the following additional guidelines are imposed upon the mediation:

2

(1)  Not later than five working days prior to the scheduled mediation conference, each party shall email directly to the Mediator the documents described in paragraphs 1 through 3 of the FLSA Scheduling Order.

(2)  Authority of the Mediator: The Mediator shall have the authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate and municipal representatives and claims professionals, to suggest alternatives, analyze issues, question perceptions, stimulate negotiations, and keep order.  The mediation shall continue until adjourned by the mediator.  No participant may compel the early conclusion of a mediation because of travel plans or other engagements.  Only the mediator may declare an impasse or end the mediation.  In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation.

(3)  Authority to Declare Impasse: Although the average mediation usually takes between 3-5 hours, participants shall be prepared to remain until the mediator declares an impasse.

(4) Attendance:  The Court directs that all counsel, parties, corporate representatives, and any other required claims professionals shall be present at the

3

mediation conference with full authority to negotiate a settlement. The Court does not allow mediation by telephone or video conference. Personal attendance is required. See Local Rule 9.05(c). Absent extraordinary circumstances, this requirement will not be waived. Any requests with regard to attendance shall be directed to the Court.

(f) Compensation of the Mediator: The Mediator shall be compensated at the Mediator's prevailing hourly rate, which, unless otherwise agreed by counsel, shall be borne equally by all parties and payable immediately upon the conclusion of mediation. The parties shall comply with any reasonable cancellation policy established by the Mediator.

(g) In the event mediation does not result in settlement of this action, this Court will conduct a case management hearing on **March 17, 2016, at 9:00 AM** in Tampa Courtroom 14B before Judge Virginia M. Hernandez Covington. Counsel are advised that this case will be set for trial **approximately 90 days after the case management hearing**. At the case management hearing, this Court will address any scheduling conflicts the parties may have.

(h) Absent exigent circumstances and leave of Court, Lead Counsel must appear in person at the Case Management Hearing. Lead Counsel must be prepared to discuss the claims

4

and defenses as well as any unique aspects of the case with the Court. This hearing is an investment of the Court's time and presents an opportunity for counsel to meet the judge presiding over their case as well as present any issues that should be called to the Court's attention.

(i) Prior to the Case Management Hearing, Counsel are directed to meet and confer, in person or by telephone, to complete the Court's Case Management Report for fast track cases. This document is attached hereto. Counsel shall bring this completed form to the Case Management Hearing. However, by **March 15, 2016,** Counsel shall file a Notice advising the Court of the parties' recommendations, agreed to or otherwise, concerning the deadlines normally included in the Court's Case Management and Scheduling Order. At the Case Management Hearing, Counsel should also be prepared to inform the Court as to whether they will consent to disposition of the case by the assigned Magistrate Judge.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of December, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Plaintiff,

v.                                                                                                       Case No.

Defendant.
_____/

**CASE MANAGEMENT REPORT**

**TO BE USED FOR THE FOLLOWING CASES:**
**FAIR LABOR STANDARDS ACT (FLSA);**
**TITLE III AMERICANS WITH DISABILITIES ACT (ADA);**
**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA);**
**TELEPHONE CONSUMER PROTECTION ACT (TCPA); AND**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA).**

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Certificate of Interested Persons and Corporate Disclosure Statement** | |
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1) as amended effective December 1, 2000)** | |
| **Discovery Deadline** | |
| **Dispositive Motions** | |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** | |
| **Joint Final Pretrial Statement** [Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, & Exhibit Lists with Objections on Approved Form (to be e-mailed in Word format to chambers_flmd_covington@flmd.uscourts.gov)] | |
| **Final Pretrial Conference** [The Court will set a date] | |
| **Trial Term Begins** [Trial term must be 5 weeks after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first Monday of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] **[90 days after Case Management Hearing]** | |
| **Estimated Length of Trial** [Number of trial days] | |
| **Jury / Non-Jury** | |